IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOY L. MCCANTS,           ) | |
|     Plaintiff,           ) | |
|                ) | |
| v.           ) | CIVIL ACTION NO.: 11-00653-KD-M |
|                ) | |
| FRED'S STORES OF TENNESSEE, INC.,   ) | |
|     Defendant.           ) | |

**ORDER**

This matter is before the Court the parties' "Joint Motion to Approve FLSA Settlement Agreement" (Doc. 17) and "Plaintiff's Notice of Filing Additional Evidence and Supplemental Brief in Support of Joint Motion to Approve FLSA Settlement Agreement (Doc. 19).

Upon consideration and for the reasons set forth herein, it is **ORDERED** that the parties' "Joint Motion to Approve FLSA Settlement Agreement" (Doc. 17) including the settlement agreement (Doc. 17 at 6-9) and request for attorneys' fees and costs included therein (Docs. 17, 19), is **GRANTED.** Therefore, the settlement is **APPROVED** as a fair and reasonable resolution of a bone fide dispute over *Fair Labor Standards Act* provisions. It is further **ORDERED** that Plaintiff Joy L. McCants is due to be paid the sum of **$1,851.81** for unpaid wages (134.5 hours of overtime work at the rate of $12/hour and $237.81 in minimum wages); and **$1,851.81** as liquidated damages, as well as **$8,796.38** in attorneys' fees and costs/expenses, for a total sum of **$12,500.00.** Accordingly, this matter is **DISMISSED WITH PREJUDICE.**

The Court does not retain jurisdiction to enforce the settlement agreement. Entry of a Final Judgment, as required by <u>Lynn's Food Stores, Inc. v. United States of America</u>, 679 F.2d 1350 (11th Cir. 1982) shall be entered by separate document.

I.   **Background**

Plaintiff Joy L. McCants ("Plaintiff") initiated this action against Defendant Fred's Stores of Tennessee, Inc. ("Defendant") for violations of the *Fair Labor Standards Act of 1938*, as amended, 29 U.S.C. § 201 *et seq.,* ("the FLSA") alleging three (3) claims against the Defendant for: 1) willful, knowledgeable and intentional violations of the FLSA's overtime, straight time, and record keeping requirements resulting in her failure to receive back overtime and straight pay for three (3) years plus liquidated damages; 2) breach of express and implied contracts of employment with Defendant; and 3) for a declaration that she is a non-exempt employee of the Defendant under 28 U.S.C. § 2201 who is entitled to receive overtime compensation under the FLSA.  (Doc. 9).  Plaintiff contends that during her 24 weeks of employment from February 25, 2011-August 11, 2011 (24 weeks), she worked in excess of 40 hours per week but was not properly compensated (approximately 8.5 hours of uncompensated time per week); her regular hourly rate of pay was $8.00/hour and her overtime rate was $12.00/hour.  (Docs. 9, 17).  Plaintiff sought relief including compensatory damages, statutory liquidated damages, prejudgment interest, equitable relief, attorneys' fees, expert costs, and all costs and expenses of litigation.  (Doc. 9 at 6).

The parties reached a settlement of Plaintiff's claims and jointly moved for approval of the settlement and for the Court to enter a stipulated judgment regarding same.  (Doc. 17).  In support, the parties attached a copy of the Settlement Agreement and Release of Claims (id. at 6-9) and the Affidavit of Banks Ladd (counsel for Plaintiff) (Doc. 17-1). In so doing, the parties jointly submitted the following as the agreed upon factual record in this case:

> Plaintiff McCants brought this action against Fred's. McCants contends that she was employed by Fred's as an operations manager from February 25, 2011, to August 11,

2011, and that she was an hourly, non-exempt employee. McCants contends that she worked in excess of forty hours per week and that she was not properly compensated for all the time worked … More specifically, Plaintiff contends that she was required to engage in productive work before scheduled work periods, during meal breaks, and after scheduled work periods for which she was not compensated…McCants's Complaint includes claims for violations of the minimum wage and overtime provisions of the FLSA, as well as state-law claims for breach of express and implied contracts for failure to pay wages…Fred's denied the allegations of the Complaint and asserted Affirmative defenses to Plaintiff's claims…Fred's also asserted that it had paid McCants all amounts she was owed…

The parties have exchanged information and documents including payroll records and other relevant records through written discovery. Through their respective counsel, the parties have separately evaluated McCants's claims in light of the payroll records and other relevant records and information obtained through discovery. McCants has, with assistance of counsel, estimated the amount of unpaid back wages she is due during her employment with Defendant Fred's. McCants's regular hourly rate of pay was $8.00 and her overtime rate was $12.00. McCants estimates that she worked approximately 8.5 hours of uncompensated time each week. Due to the nature of the work time for which wages are claimed, Fred's has no records that would show the amount of allegedly unpaid work performed. Therefore, the unpaid wage sought by McCants are based on her recollection and best estimate. Based on payroll records produced by the Defendants, Plaintiff's counsel determined that some of McCants's claimed uncompensated time was overtime and some uncompensated time was straight time, depending on the number of "on-the-clock" hours worked in a particular week.  In summary, Plaintiff's counsel calculated McCants's damages as follows:

| | | |
|---|---|---|
| A. | Minimum Wages | $237.81[1] |
| B. | Overtime (134.5 hours) | $1614.00 |
| C. | Liquidated Damages | $1851.81 |
| **TOTAL:** | | $3,703.62 |

[1] McCants's claimed damages for the minimum wage violation are the difference between what she was paid and what she claims she was due at minimum wage when her off-the-clock work is included.

Plaintiff also sought attorneys' fees and costs pursuant to the mandatory fee-shifting and cost-shifting provision in the FLSA.  29 U.S.C. § 216(b). Fred's disputes the fact and amount of the Plaintiff's claimed uncompensated work and contends that she is not entitled to any damages, attorneys' fees or costs…

(Doc. 17 at 1-3).  The parties jointly agree and propose to the Court that this "settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." (Id. at 1, 3).

3

Pursuant to the parties' settlement agreement, Plaintiff will receive a total of **$12,500.00:** **$1,851.81** for Plaintiff's alleged **unpaid wages** ($1,614.00 for 134.5 hours of overtime work at the rate of $12/hour and $237.81 in minimum wages); an equal amount of **$1,851.81** in **liquidated damages**; and an additional **$8,796.38 in attorneys' fees, costs and expenses**. (Doc. 17 at 6-9). However, as noted in the Court's prior order (Doc. 18), the undersigned could not previously approve the request for attorneys' fees, costs and expenses because insufficient documentation was provided to calculate the lodestar as well as to assess the reasonableness of such fees, costs and expenses. As such, Plaintiff was granted leave of Court to supplement her request for same, and now in receipt of the supplement, the matter is ripe for the Court's review.

## II.  Discussion

This is an FLSA case and the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA in order to approve the settlement.[1]  See, e.g., Lynn's Food Stores, 679 F.2d 1350.

For those reasons set forth in the Court's prior Order (Doc. 18), the Court again restates its prior ruling that: 1) the proposed FLSA settlement appears to be a fair and reasonable resolution to the claim; and 2) the FLSA settlement agreement does not contain a confidentiality clause, pervasive release or other prohibitive terms.

Concerning the third issue – the matter of attorneys' fees and expenses -- upon which this Court's approval of the parties' settlement agreement depends, Plaintiff has supplemented its filing, such that this matter is ripe for review.

---

[1] See also e.g., Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009); *Robert L. Dunagan v. ABBC, Inc.,* CV 11-280-KD-C (Docs. 22, 28); *Jimmy Salter v. Carlous L. King, et al.,* CV 11-464-KD-M (Docs. 10, 11).

The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Although Plaintiff and counsel agree that the fees and costs are reasonable, that does not exonerate the Court from its duty to determine the reasonable fees and costs. Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009).

At the outset, with regard to whether the attorneys' fees/expenses matter was negotiated separately from Plaintiff's FLSA recovery, the Court is satisfied that such is the case. Plaintiff's counsel asserts that he insisted during negotiations that the matter of Plaintiff's recovery be negotiated separately from the matter of attorneys' fees. (Doc. 19 at 6). Moreover, counsel specifically asserts that "the difference does not represent any upward or downward reduction based on the *Johnson* [reasonableness] factors." (Id.)

The Court now turns to the specifics of the attorneys' fees and costs/expenses request.

A.     **Attorneys' Fees**

In FLSA actions, the Court relies on the lodestar method for determining the reasonableness of the fees sought. Silva, 307 Fed. Appx. 349 (the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement[]"). See also generally Norman v. Alorica, Inc., 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); Wolff v. Royal American Mgt., Inc., 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012). In order to determine the reasonableness of the attorney's fees requested, the Court employs the lodestar analysis: the number of hours reasonably expended multiplied by a reasonable hourly rate for similar legal services. Hensley v. Eckerhart, 461 U.S. 424, 433

(1983); Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149-1150 (11th Cir. 1993). "Adjustments to that fee then may be made as necessary in the particular case." Blum v. Stenson, 465 U.S. 886, 888 (1984). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation. Id. While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), the 12 Johnson factors[2] "might still be considered in terms of their influence on the lodestar amount." Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

Plaintiff bears the burden of documenting and proving reasonable hours expended and reasonable hourly rates. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Plaintiff must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. Id. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

---

[2] The factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-719.

Plaintiff's counsel seeks a total recovery of **$8,796.38 ($8,394.90** in **attorneys' fees** and **$401.48** in **expenses).** (Doc. 19-1 at 10). The basis for Plaintiff's entitlement to such fees and expenses is the parties' settlement agreement. Additionally, in support, Plaintiff's counsel supplemented his prior motion and Affidavit (Doc. 17), as well as submitted a copy of his law firm's billing records (Doc. 19-1) and addresses the lodestar figure and reasonableness of such fees and costs (Doc. 19 at 4-6). Plaintiff's counsel adds that the "agreed-upon fee" (as agreed between the parties) – which differs from the amount and hours billed -- is reasonable in this case. The billing records indicate that **$10,576.48** ($10,175.00 in attorneys' fees and $401.48 in expenses) was incurred by two (2) attorneys (Banks Ladd (Partner) and Stephanie Booth (Associate)) in litigating this case. (Doc. 19-1 at 10). Counsel agreed to compromise the attorneys' fees amount by reducing same by $1,780.10.

1. Reasonable Rate

As the party requesting fees, Plaintiff has the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. See Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation omitted)).

Plaintiff's counsel presents the following hourly rates: $250/hour for B.Ladd and

$150/hour for S.Booth.  Counsel B.Ladd asserts that he has practiced employment litigation for 11 years and has been practicing since 1993, and that S.Booth is a fourth-year associate.  (Doc. 17-1 (Aff. B.Ladd)).  The Court recently determined $250/hour to be a reasonable rate for an attorney with 15 years of experience.  See Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, at *3 (S.D. Ala. May 31, 2011).  See also Mitchell Co., Inc. v. Campus, 2009 WL. 2567889, *1 and *17-18 (S.D. Ala. Aug. 18, 2009) (finding that a reasonable hourly rate for an attorney with 12 years of experience was $225/hour).  Additionally, the undersigned and other judges in the Southern District of Alabama have found $150/hour to be reasonable for attorneys with a few years of practice (associates).  See, e.g., Gulf Coast Asphalt Co., L.L.C v. Chevron U.S.A., Inc., 2011 WL 612737, *4 (S.D. Ala. Feb. 11, 2011) (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate).  Thus, the requested hourly rates for B.Ladd ($250/hour) and for S.Booth ($150/hour) are reasonable.

      2.      Reasonable Hours Expended

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The Court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's

adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted). While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request.  "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988.... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. (citation omitted).  See also Wolff, 2012 WL 5303665, *4-5.  "[I]n light of the disparity between what [P]laintiff claimed and what her attorneys now seek for obtaining the recovery, there is potential for the fee award to become a windfall for [P]laintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action." Id. at 5.  See also e.g., Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (denying a plaintiff's motion for fees as counsel "seem[ed] to have leveraged a small sum as a stepping-stone to a disproportionately large award of attorney's fees" by seeking almost $16,000 for a $315.89 FLSA claim).

Plaintiff represents that B.Ladd incurred 29.3 hours and S. Booth incurred 19 hours, for a total of 48.3 hours.  (Doc. 17 at 4).  Counsel represents that he has compromised his hours insofar as he has reduced his recovery to about 42 hours.  This assertion is based on counsel using a "blended" hourly rate of $200 for approximately 42 hours of work.

Nevertheless, the Court finds the fees sought are reasonable under the circumstances of

this case and because they are agreed upon by Defendant. As such, the Court finds that the 42 hours billed by B.Ladd and S.Booth, at what appear to have been billed at no greater than an hourly rate of $200/hour, are reasonable and recoverable time such that attorneys' fees shall be awarded in the manner requested by the parties and per the terms of their settlement agreement.

### B. Costs/Expenses

Plaintiff seeks to recover **$401.48** in **expenses** for a court filing fee, certified mail postage, and copies. (Doc. 19-1 at 10). Defendant has agreed to theses costs/expenses. The Court finds the claimed expenses to be reasonable and recoverable.

### III. Conclusion

Therefore, for those reasons set forth herein, it is **ORDERED** that the parties' "Joint Motion to Approve FLSA Settlement Agreement" (Doc. 17) with the settlement agreement (Doc. 17 at 6-9) – and including Plaintiff's counsel request for attorneys' fees and costs -- is **GRANTED** such that the FLSA Settlement is **APPROVED**. It is further **ORDERED** that Plaintiff Joy L. McCants is due to be paid the sum of **$1,851.81** for unpaid wages (134.5 hours of overtime work at the rate of $12/hour and $237.81 in minimum wages); and **$1,851.81** as liquidated damages, as well as **$8,796.38** in attorneys' fees and costs/expenses, for a total sum of **$12,500.00**. As such, this action is hereby **DISMISSED WITH PREJUDICE.**

Final judgment as required by Lynn's Food Stores, Inc. v. United States of America, 679 F. 2d. 1350 (11th Cir. 1982), shall be entered by separate document.

**DONE** and **ORDERED** this the **16th** day of **January 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**